John ADAMS, Petitioner,

v.

R. T. COWAN, Respondent.

No. 104.

Supreme Court of Alaska.

April 7, 1961.

George T. Yates, Anchorage, for petitioner.

No appearance for respondent.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

Petitioner requests review of an order of the Superior Court dismissing his complaint with prejudice and assessing costs and an attorney's fee for failure to appear for trial.

The petition does not comply with the requirements of Rule 28 of the Rules of the Supreme Court which requires " * * * a direct and concise argument amplifying the reasons for granting the petition as suggested by Rules 23 and 24". Nor does it adequately explain why relief would not be afforded by appealing from what is an appealable order. A basis for granting review has been left for the court to discover by searching the petition and record.

■ Review will be granted however as it appears from a study of the pleadings that the peculiar facts of the case may be such that complete relief could not be had by appeal under the circumstances.

The complaint was filed on September 20, 1960. An order dated December 15, 1960 set the case for pre-trial at 9:00 A.M. January 17, 1961. A notice of trial later set the case for trial at 10:00 A.M. January 17, 1961. Upon appearing in court for trial on January 17th, petitioner and his counsel were informed that trial would of necessity have to be postponed until the latter part of that week as counsel for respondent was engaged in trial in another court. Counsel for petitioner advised the calendar clerk that it would not be possible for him to appear during the latter part of that week because of a prior commitment in Kodiak. Counsel for petitioner returned from Kodiak on Saturday, January 21, 1961, and on Monday, January 23, after inquiry made of the calendar clerk, was advised that the case would be tried during the latter part of that week. Petitioner was then advised by his counsel to check in daily with his counsel. At 9:00 A.M. Thursday, January 26, petitioner called his counsel, who held the telephone connection while he checked with

the calendar clerk on the calendar status of the case. Petitioner's counsel was advised by the calendar clerk that the trial might be held late that afternoon, but that this was doubtful, as counsel for respondent was then engaged in another court. Counsel for petitioner then advised petitioner to check in with him at 1:00 P.M. that day. At 11:00 A.M. that morning the calendar clerk advised counsel for petitioner that the case was set for trial at 1:30 P.M. that afternoon. By 1:10 P.M. petitioner had not telephoned his counsel, who thereupon commissioned an employee of Associated Investigators, Inc., to go to petitioner's home and bring him to court. Petitioner had no telephone in his home. Counsel for petitioner appeared in court at 1:30 P.M. and advised the judge of the circumstances. The judge continued the trial until 2:10 P.M. During this recess petitioner's counsel's secretary telephoned the court and advised counsel that petitioner had telephoned at 1:45 P.M. and was then on his way to court. At 2:10 P.M. petitioner had not yet arrived. His counsel explained the situation to the court and asked for one final continuance until 2:30 P.M. advising the judge that if his client was not in court by that time he would ask for no further indulgences. This request was denied and the case was dismissed with prejudice at 2:13 P.M. with costs and an attorney's fee awarded to respondent. Petitioner arrived in court at 2:25 P.M. or 2:30 P.M. Petitioner contends that the dismissal was an abuse of discretion.

Counsel for respondent chose not to file an objection to this petition. The statement of facts herein is based on the petition and transcript of proceedings.

██ Except in unusual circumstances this court will not substitute its judgment for that of the trial judge in matters involving the diligence of counsel or the parties in processing their cases. However, where a dismissal appears to have been ordered based on a mistaken conception of the facts, relief will be granted to prevent undue hardship. Here the transcript plainly indicates that the trial judge was of the belief that he had granted two brief continuances of the case since 1:30 P.M., whereas, he had in fact granted only one continuance. The transcript in this respect indicates that the judge stated, just prior to the order of dismissal, "The case was set for 1:30, and we've had two brief continuances now". It is our belief that if the trial judge had not been under the mistaken impression that he had already granted two continuances since 1:30 P.M. he might not have dismissed the action with prejudice.

The transcript and the record indicate that the case had been troublesome in that repeated continuances had been necessary. We find no abuse of discretion on the part of the trial judge. It does appear, however, that the dismissal was based on a mistaken conception of the facts and for this reason we order that the judgment be modified to provide for dismissal without prejudice, with costs and attorney's fee as originally provided.